ing other proceedings to reach such equitable estate. The commencement of the proceedings in bankruptcy may well be regarded as an equitable attachment; and as it is a cherished rule of courts of chancery that "equality among creditors is equity," such courts would give effect to such equitable attachment and preserve the rights thus acquired for the benefit of all the creditors of the bankrupt, even if the legal title of the assignee did not relate back to the filing of the petition. But· if no lien had been acquired prior to the filing of the petition, none could be afterwards acquired by the judgment creditors, as the legal title of all the property of the bankrupt vests in the assignee by relation, under the express provisions of the bankrupt act, at the time the creditor's petition is filed against the bankrupt.

Besides the petition does not show that the execution issued on the judgment mentioned in the petition had been returned unsatisfied, and the general rule is that no lien is obtained on equitable interests or choses in action by judgment and execution alone, even where it is held that such lien exists after the return of an execution unsatisfied, on the ground that such return shows that the creditor has exhausted his remedy at law, and is therefore entitled to proceed in equity. The prayer of the petition is denied with costs.

HINDS (BOYLE v.). See Case No. 1,759.

## Case No. 6,517.

### HINE v. WAHL.

[Decree by GRESHAM, District Judge, sustaining the validity of reissued letters patent No. 4,372 of patent No. 73,425. This patent was granted January 14, 1868, to N. W. Green, and was reissued May 9, 1871. No opinion delivered. Decree reported in 4 Trans. Rec. 1882, p. 3216, clerk's office United States supreme court, and affirmed by divided supreme court, without opinions, December 18, 1882.]
[Cited in Green v. French, 11 Fed. 591, and Andrews v. Eames, 15 Fed. 110. For other cases involving the same patent. see note to Andrews v. Denslow, Case No. 372.]

HINER v. The SEA GULL. See Case No. 12,-578.

## Case No. 6,518.

### HINES et ux. v. CRAIG.

[1 Cranch, C. C. 340.] ¹

Circuit Court, District of Columbia. July Term, 1806.

#### PLEADING—PLENE ADMINISTRAVIT.

Outstanding judgments cannot be given in evidence, on plene administravit, but must be specially pleaded.

[This was an action at law by Hines and wife against Craig, administrator of Mitchell.]

Assumpsit, non assumpsit, limitations, and plene administravit.

¹ [Reported by Hon. William Cranch, Chief Judge.]

E. J. Lee, for defendant, showed prior judgments outstanding. ·

Mr. Swann, for plaintiff, objected that, unless the defendant shows actual payment of those judgments, they cannot be given in evidence under a general plea of plene administravit, but must be pleaded specially.

And THE COURT so decided.

## Case No. 6,519.

### HINES et al. v. DEAN et al.      ·

[4 Wash. C. C. 159.] ¹

Circuit Court. E. D. Pennsylvania. Oct. Term, 1821.

PRACTICE—SERVICE OF PROCESS — JUDGMENT FOR WANT OF APPEARANCE.

When the summons is served ten days before the return day, the plaintiff, on filing his declaration, is entitled to enter up judgment by nil dicit, for want of appearance. But this must ·be done at rules.
[Cited in Wallace v. Clark, Case No. 17,098.]

The summons, in this case, having been returned executed to the last term, and no appearance entered, the plaintiff moved for judgment by default, under the act of assembly of this state of the 20th of March, 1724 (1 Smith's Laws, 165) referred to in the case of Smith v. Bohn [Case No. 13,015].

PER CURIAM. We should in this case follow the practice of the state courts under the above law, by granting the motion, if it did not contradict a written rule of this court, which directs pleadings, rules and judgments, for want of appearance or filing pleas, to be transacted at rules, to be held monthly in the clerk's office. In this case, the summons having been served, the plaintiff should have ruled the defendant to appear and plead, and if he had failed to do so, he might have entered up judgment, by default, nisi; which this court would, upon motion, make absolute or set aside, upon the defendant's entering his appearance and pleading to issue. The courts of this state having so construed the above law, as to give judgment, although the declaration was not filed before the return day, this court would also dispense with it, if it be filed before the rule to appear and plead is entered. The motion is, therefore, overruled.

## Case No. 6,520.

### HINES v. HEWITT.

[4 Cranch, C. C. 471.] ²

Circuit Court, District of Columbia. Oct. Term, 1834.

APPRENTICE—BINDING—WHAT CONSTITUTES.

An entry cn the minutes of the orphans' court in Alexandria, "that Peyton Hines be

¹ [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States. under the supervision of Richard Peters, Jr., Esq.]
² [Reported by Hon. William Cranch, Chief Judge.]